### SULLIVAN et al. v. FOOTE.

(Supreme Court, Appellate Term. December 29, 1909.)

BILLS AND NOTES (§ 517*)—ACTIONS—SUFFICIENCY OF EVIDENCE—GENUINENESS OF SIGNATURE.

In an action on a note against an alleged accommodation signer, evidence *held* to sustain a finding that defendant did not sign the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1807, 1809; Dec. Dig. § 517.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Michael Sullivan and others against Harry W. Foote. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Maxson & Jones, for appellants.
Benjamin & Taylor, for respondent.

GIEGERICH, J. The issue was whether the defendant signed the accommodation note sued upon. He testified that he did not, nor did he sign any note for the accommodation of the payee at so late a date as this note bore. In addition to this testimony, we have the signature upon the note and the signature of the defendant to the answer, and to two letters placed in evidence by the plaintiffs, and his name written six times upon a piece of paper at the trial at the direction of the trial justice. In important respects, the name as written upon the note differs from the nine conceded signatures of the defendant. Against all this we have only the deposition of the payee, who received the benefit of the note, that it was signed by the defendant. We cannot accede to the claim of the plaintiffs that there is such a preponderance of the evidence in their favor as to warrant a reversal, if, indeed, there be any preponderance in their favor.

The judgment should be affirmed, with costs.

LEHMAN, J., concurs.

GOFF, J. (concurring). Were the question of the identity of the handwriting to be determined in the first instance, I should unhesitatingly say that the hand that wrote the sample signatures for the court and the signature to the answer was the same hand that wrote the signature on the face of the note. The sample signatures submitted to the court bore evidence of intentional disguise. On comparison of each of the letters in the signature of the note, their straight and curved lines impress me very forcibly with the belief that the defendant signed that promissory note; but the trial justice having found as a question of fact that defendant did not sign the note, and my learned associates having affirmed that determination, I am, under the circumstances, loath to dissent.